USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

STEVE BORIA,

           Defendant.

17-CR-142 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Steve Boria has filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of his health conditions and the COVID-19 pandemic. Dkt. 582 ("Motion"). The Government opposes the request. Dkt. 587 ("Gov. Mem."). For the reasons that follow, Boria's motion is denied.

## BACKGROUND

On December 13, 2018, Boria entered a plea of guilty to conspiring to distribute, and possessing with intent to distribute, cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of discharging firearms during and in relation to a drug trafficking offense. *See* Dkt. 531 (Sentencing Tr.) at 2. The charges stemmed from Boria's involvement and leadership in the "Slut Gang," a "violent street gang that terrorized the Boston [Secor]" housing project in the Bronx. *Id*. at 8. The Court sentenced Boria on October 18, 2019 to a mandatory minimum sentence of fifteen years. *Id*. at 4. Boria is currently incarcerated at the Coleman I U.S. Penitentiary in Sumterville, Florida. According to the Bureau of Prisons' website, he is scheduled to complete his term of incarceration on June 22, 2030.

In a *pro se* motion dated February 29, 2021, Mr. Boria moved for a reduction of his sentence in light of the pandemic and his health issues. *See* Motion at 1.[1] Boria asserts that extraordinary and compelling reasons warrant a reduction of his sentence. He notes that he suffers from chronic asthma, anxiety, and the lingering effects of childhood tuberculosis. Despite the fact that he is being treated with an inhaler, he reports experiencing difficulty breathing. *Id*. The Government filed its opposition to Boria's motion on April 22, 2021, contending that Boria has failed to establish either that extraordinary and compelling reasons justify his early release or that the Section 3553(a) sentencing factors support a reduction of his sentence. The Government asserts that to the extent Boria's health conditions would increase his vulnerability to COVID-19, that risk is significantly mitigated by the facts that Boria experienced an asymptomatic case of COVID-19 in February 2021, fully recovered from that infection, and received his first shot of the Pfizer coronavirus vaccine in April 2021. Gov. Mem. at 5. The Government also asserts that the sentencing factors mitigate against granting the motion, in that Boria was the most culpable of his codefendants, having played a leadership role in a violent street gang and having personally committed three shootings.

## DISCUSSION

### I.     Jurisdiction

As an initial matter, the Court is obliged to note that Boria's appeal is currently pending before the Second Circuit. *See* Dkt. 545 (notice of appeal); *United States v. Boria*, Dkt. 20-206-cr. (2d Cir.). The Court accordingly "lacks jurisdiction to decide his motion." *United States v. Martin*, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *1 (S.D.N.Y. Apr. 10, 2020). *See United States v. Vigna*, 455 F.

---

[1] It is not altogether clear whether Boria has exhausted the administrative process spelled out in 18 U.S.C. § 3582(c)(1)(A); *United States v. Sanders*, No. 17-CR-456 (RA), 2020 WL 6273906, at *1 (S.D.N.Y. Oct. 26, 2020). Boria asserts that he submitted a request for compassionate release to the warden of his facility and has not heard back in over thirty days; attached to his motion is a copy of a letter addressed to the warden. Dkt. 582 at 3. The Government asserts that the Bureau of Prisons has been unable to find any records of having received such a letter. For purposes of this motion the Court assumes that Boria has exhausted his administrative remedies.

Supp. 3d 68, 72 (S.D.N.Y. 2020) ("The filing of a notice of appeal is an event of jurisdictional significance because it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). This rule is regularly applied where, as here, a defendant appeals from his judgment of conviction and subsequently files a motion for compassionate release pursuant to Section 3582(c). *See Martin*, 2020 WL 1819961; *Vigna*, 455 F. Supp. 3d at 72; *United States v. Moore*, No. 18-CR-167 (KMW), 2021 WL 260131, at *1 (S.D.N.Y. Jan. 25, 2021); *United States v. Hart*, No. 15 CR. 288 (RMB), 2021 WL 82281, at *3 (S.D.N.Y. Jan. 10, 2021).

Federal Rule of Criminal Procedure 37, however, "anticipates precisely the jurisdictional issue present here." *Martin*, 2020 WL 1819961, at *2. The Rule provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). In other words, Rule 37 "allows district courts to deny, but not to grant, a motion for which it lacks jurisdiction due to a pending appeal." *Martin*, 2020 WL 1819961, at *2. The Advisory Committee Notes to Rule 37 "anticipate[ ] that Criminal Rule 37 will be used primarily if not exclusively" for three types of motions, including those made under 18 U.S.C. § 3582(c). *See Speed v. United States*, No. 04-CR-336 (PKC), 2021 WL 1085360, at *1 (S.D.N.Y. Mar. 22, 2021).

In the interest of judicial economy, and because the Court would deny the motion had Boria not filed a notice of appeal, the Court will reach its merits pursuant to Fed. R. Crim. P. 37(a)(2).

**II.     Merits**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is

3

"consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently held that nothing in "the now-outdated version of Guideline § 1B1.13[ ] limits the district court's discretion" to grant or deny a motion for a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Rather, the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation ... *alone* shall not be considered an extraordinary and compelling reason.'" *Id.* at 238 (quoting 28 U.S.C. § 994(t)).

The parties dispute whether Boria has established that extraordinary and compelling reasons warrant a reduction of his term of imprisonment. His motion emphasizes that he is experiencing a range of health issues that may increase his vulnerability during the COVID-19 pandemic, including asthma and the lingering effects of childhood tuberculosis. He asserts that he continues to have difficulty breathing and that his "immune system has never fully recovered." Motion at 1–2. The government contests that extraordinary and compelling circumstances exist, emphasizing that Boria has already recovered from an asymptomatic case of COVID-19 and has additionally received his first dose of a COVID-19 vaccine. *See* Gov. Mem. at 3–4.

The Court need not decide this question, however, because, even assuming that extraordinary and compelling reasons warranted Boria's release, the Court could grant Boria's application only to the extent that doing so would be consistent with the Section 3553(a) factors. *See United States v. Fiseku*, No. 15 CR. 384-1 (PAE), 2020 WL 7695708, at *5 (S.D.N.Y. Dec. 28, 2020). It would not. Pursuant to Section 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4)

provide the defendant with training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court must also consider other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* § 3553(a)(1); *see United States v. Daugerdas*, No. 09-CR-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020).

As the Court noted at sentencing, Boria was "the best known and the most violent member of the Slut Gang, [a] violent street gang that terrorized the Boston [Secor] community by drug dealing, assault, robberies, and shootings." Sentencing Tr. at 8. It is undisputed that he was personally involved in three known shootings. *Id*. at 6. The Court additionally noted at sentencing that Boria had trafficked drugs and guns and has an "extensive criminal history." *Id*. at 8. Under these circumstances, terminating Boria's statutorily required sentence after he has served less than a third of it would fail to recognize the seriousness of his criminal conduct and would expose the public to risk. Having considered the Section 3553(a) sentencing factors, the Court thus finds that a reduction of Boria's sentence is not warranted.

## CONCLUSION

For the foregoing reasons, Boria's motion for compassionate release is denied, notwithstanding the pendency of his appeal, pursuant to Fed. R. Crim. P. 37(a)(2). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 582 and to mail a copy of this order to the defendant.

SO ORDERED.
Dated:   May 11, 2021
         New York, New York

_____
RONNIE ABRAMS
United States District Judge