USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

STEVE BORIA,

                Defendant.

No. 17-CR-142 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Defendant Steve Boria, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, imposed after a guilty plea. Among Boria's arguments for habeas relief is that his counsel failed to file the timely notice of appeal that he requested. Because this conduct constitutes ineffective assistance of counsel, Boria's motion is granted in part and denied in part. The Court vacates its judgment and enters a new one with the same sentence, affording Boria the opportunity for direct appeal.

## BACKGROUND

    On December 27, 2018, Boria pled guilty to (1) conspiring to distribute and possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; and (2) possessing and discharging a firearm in furtherance of that narcotics conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See* Plea Tr. 7:5–8:22, 17:18, Dkt. No. 392.

    In connection with his guilty plea, Boria agreed that he would "not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241." Appendix at A34, *United States v. Boria*, No. 20-206 (2d Cir. Aug. 28, 2020). Notwithstanding this agreement, Boria reserved his right to appeal—whether directly or as a collateral challenge—based on ineffective assistance of counsel claims. *See id.* at A35. As the plea agreement further stated, Boria's agreement not to file a direct appeal or bring a collateral

challenge was not to "be construed to be a waiver of whatever rights [he] [might] have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that [Boria] reserves those rights." *Id*.

On October 18, 2019, the Court imposed a fifteen-year term of imprisonment, to be followed by four years of supervised release. *See* J. 2–3, Dkt. No. 529. According to Boria, directly after his sentencing, he requested that his counsel at the time, Royce Russell, file a notice of appeal.[1] *See* Mot. 5, Dkt. No. 596; Boria Aff. ¶ 2, Dkt. No. 702. Russell—through an affidavit ordered by the Court—acknowledges that he informed Boria that he would file a timely notice of appeal, despite Boria's expressed intent to retain new counsel to file an appeal. *See* Russell Aff. ¶ 6.

Russell, however, did not file a notice of appeal until January 13, 2020—well beyond the fourteen-day requirement for doing so. *See* Notice Appeal, Dkt. No. 545; Fed. R. App. P. 4(b)(1)(A). Russell explains that he "inadvertently failed" to timely file the notice, but did so "immediately" once Boria's family member communicated Boria's outstanding request that he file the notice. Russell Aff. ¶¶ 7, 10. Although Russell does not recall receiving any written communications from Boria, *see id*. ¶ 8, Boria attests under oath that he made "multiple request[s]" that Russell do so via email, Boria Aff. ¶ 5; *see id*. ¶ 3.

The Government moved to dismiss Boria's appeal as both untimely and barred by Boria's waiver of his appellate rights; alternatively, it sought the summary affirmance of the District Court's judgment. *See* Motion to Dismiss at 20, *United States v. Boria*, No. 20-206 (2d Cir. Nov. 23, 2020). On August 2, 2021, the U.S. Court of Appeals for Second Circuit granted the Government's motion,

---

[1] Given Boria's claim that Russell failed to file a requested timely notice of appeal, the Court—pursuant to *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006) and *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001)—ordered Boria and Russell to file sworn statements addressing whether Boria requested the timely notice of appeal. Because no one disputed that Boria had done so, the Court deemed a testimonial hearing unnecessary. *See Chang*, 250 F.3d at 85.

2

dismissing Boria's appeal as untimely. *See* Order, *United States v. Boria*, No. 20-206 (2d Cir. Aug. 23, 2021).

Boria, now proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Boria offers a series of reasons why he is entitled to relief under 28 U.S.C. § 2255. Those reasons fall principally into three categories: that (1) he received ineffective of counsel, (2) his plea was not knowing and intelligent, and (3) the Government indicated during the plea proceeding that it was not prosecuting him for the firearms charge. *See* Mot. 5–11. Boria argues that one way in which he received ineffective assistance of counsel is that his attorney failed to file a timely notice of appeal as he requested. *See id*. at 5. The Government does not dispute that Boria's counsel failed to file a timely notice of appeal.

## LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a defendant must demonstrate "constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Where, as here, a petitioner appears *pro se*, the court must construe his petition and other submissions liberally, interpreting them to raise the strongest arguments that they suggest. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

## DISCUSSION

The Sixth Amendment of the U.S. Constitution guarantees a criminal defendant's right to the effective assistance of counsel. *See* U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Thus, the denial of effective assistance of counsel violates a criminal defendant's constitutional rights, creating the possibility for relief under 28 U.S.C. § 2255. *See Morales v. United States*, 635 F.3d 39, 43 (2d Cir. 2011). To establish the ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is

3

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984); *accord United States v. De La Pava*, 268 F.3d 157, 163 (2d Cir. 2001).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Neither Russell nor the Government disputes that Boria requested that Russell file a timely notice of appeal and that he failed to do so. *See* Mot. 5; Boria Aff. ¶ 2; Russell Aff. ¶ 6. Moreover, where "counsel's deficient performance deprive[s] [a defendant]" "of [an] appellate proceeding altogether," the conduct "demands a presumption of prejudice." *Flores-Ortega*, 528 U.S. at 483. Even where a defendant waives his right to appeal, including on the basis of ineffective assistance of counsel, such conduct is presumptively prejudicial. *See Campusano*, 442 F.3d at 772. Russell's failure to file the requested timely notice of appeal prejudiced Boria because it altogether deprived him of an adjudication of his appeal on the merits: The Court of Appeals dismissed his appeal as untimely. *See* Order, *United States v. Boria*, No. 20-206 (2d Cir. Aug. 23, 2021). Boria thus satisfies both prongs of the test for establishing ineffective assistance of counsel under *Strickland*. *See* 466 U.S. at 688, 694.

As for relief, Russell's ineffective assistance requires the Court to afford Boria a new opportunity for direct appeal—even if it ultimately amounts to no more than "an opportunity to lose." *Campusano*, 442 F.3d at 777; *see id.* at 772, 776. Given this opportunity, the interests of judicial economy favor declining to consider Boria's remaining arguments for habeas relief at this time. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002) (observing "the concern that the results on direct appeal may make the district court's efforts on the § 2255 motion a nullity").

## CONCLUSION

For the reasons stated above, Boria's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is granted in part and denied in part. The motion is granted to the extent that the

Court will vacate Boria's judgment and enter a new one, with the identical sentence, from which he may timely appeal. In all other respects, the motion is denied without prejudice.

Consistent with *Garcia v. United States*, the Court is inclined to vacate Boria's judgment and enter a new one "in open court with defense counsel present." 278 F.3d 134, 138 (2d Cir. 2002). Accordingly, the Court respectfully directs the Clerk of Court to appoint CJA counsel to represent Boria for the purposes of the entry of a new judgment and the filing of a timely appeal. If either party deems it unnecessary for the new judgment to be entered in open court, the party shall so advise the Court within fifteen days of the entry of this order. *See McHale v. United States*, 175 F.3d 115, 119 n.4 (2d Cir. 1999) ("Courts remanding for entry of a new judgment appear to regard it as a ministerial act, not a formal resentencing that might require the presence of the defendant.").

The Court further directs the Clerk of Court to mail a copy of this opinion and order to Boria and to terminate the motion pending at Docket Number 596.

Dated:   January 8, 2024
         New York, New York

                                        _____
                                        Ronnie Abrams
                                        United States District Judge